1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                           **DISTRICT OF NEVADA**

8   MARTIN G. CROWLEY,                    )

9            Appellant-debtor,            )
                                          )
10       v.                               )        3:13-cv-219-RCJ-VPC
                                          )
11  SENECIA BURKE,                        )        **ORDER**
                                          )
12           Appellee-creditor,           )
             real party in interest.      )
13                                        )
    _____ )
14
            Currently before the Court is a bankruptcy appeal taken from the U.S. Bankruptcy Court
15
    for the District of Nevada.  Appellant Martin Crowley is an attorney representing himself on
16
    appeal.  The Court heard oral arguments on November 25, 2013.
17
                                          **BACKGROUND**
18
            On June 27, 2012, Judge Robert Estes of the Tenth Judicial District Court of the State
19
    of Nevada in and for Churchill County entered a judgment on a jury verdict in favor of plaintiff
20
    Senicia[1] Burke and against defendant Martin G. Crowley, Esq. and American Legal Services.
21
    (EOR2 (#15) at 4).[2]  The judgment awarded Burke the sum of $36,150.00, with prejudgment
22
    interest thereon at the rate of $3,264.24 and costs in the amount of $5,676.35.  (*Id.* at 5).
23
            On August 13, 2012, Crowley filed a voluntary petition for Chapter 13 bankruptcy.
24

25
            [1]  The correct spelling of Ms. Burke's first name is "Senicia."  (Resp. Brief (#14) at 1
26  n.1).

27          [2]  Appellant Martin Crowley filed an excerpts of record located in docket entry #8.
    Crowley's excerpts of record will be identified as "EOR1."  Appellee Senicia Burke filed a
28  supplemental excerpts of record located at docket entry #15.  Burke's excerpts of record will
    be identified as "EOR2."  This Court will cite to the page numbers listed internally on the
    excerpts of record rather than the page numbers generated automatically by CM/ECF.
    However, all other citations will refer to the CM/ECF page numbering.

(EOR1 (#8) at 1-6).  The case was assigned to Judge Bruce T. Beesley of the U.S. Bankruptcy Court for the District of Nevada under case number 3:12-bk-51908-BTB.  In a bankruptcy court pleading, Crowley stated that he had filed bankruptcy the day before a debtor's exam was scheduled to take place in state district court in Churchill County.  (*Id.* at 7).

## I.    Motion for Protective Order

On October 15, 2012, Burke filed an *ex parte* application for an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of Crowley.  (*Id.* at 16).  In her application, Burke stated that: (a) Crowley, the debtor, was an attorney at law; (b) she was judgment creditor owed approximately $45,090.59; and (c) she sought to examine Crowley as a debtor.  (*Id.*).  Burke stated that, pursuant to Rule 2004, the examination

> shall concern "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  The scope of the examination shall encompass but is not limited to the business and financial affairs of the Debtor for up to three (3) years before and any time after the filing of its bankruptcy petitions.

(*Id.* at 16-17).

In response, on October 19, 2012, Crowley filed a motion for protective order.  (*Id.* at 20-22).  Crowley argued that Burke had filed the Rule 2004 application to abuse and harass him.  (*Id.* at 20).  Crowley asserted that Burke "engage[d] in every possible act of obstruction and harassment in the administration" of the case because she opposed a motion to extend time, alleged that Crowley was "taking actions to delay and avoid" collection of her judgment, and had failed to inform the bankruptcy court that the underlying judgment was being reviewed by the state district court on a motion to alter or amend and a motion for new trial.  (*Id.* at 21).  Crowley accused Burke of "attempting once again to 'rush' the process simply to harass" him.  (*Id.*).  Crowley argued that Burke had not shown any purpose in the proposed debtor's exam and that she wanted to side-step the procedural and due process safeguards of the state court.  (*Id.* at 22).  On that same day, Crowley scheduled a hearing on the motion for December 7, 2012.  (*Id.* at 68).

On October 22, 2012, the Clerk of the Court found good cause appearing and issued an order granting Burke's ex parte application for order authorizing Rule 2004 examination of

1  Crowley.  (*Id.* at 70).  On October 23, 2012, Burke filed a notice stating that the Rule 2004

2  examination of Crowley would take place on November 7, 2012.  (*Id.* at 71).  On October 30,

3  2012, Crowley, through his then-attorney, Patricia Phair, filed a motion for stay of debtor's

4  exam until after the hearing on the motion for protective order.  (*Id.* at 73-74).

5       On November 7, 2012, Burke filed an opposition to the motion for protective order and

6  motion for stay.  (*Id.* at 80-84).  She argued that a motion for protective order brought under

7  Bankruptcy Rule 9018 could only be made to (1) protect the estate in respect of a trade secret

8  or other confidential research, development, or commercial information, (2) protect any entity

9  against scandalous or defamatory matter contained in any paper filed in the case; or (3)

10  protect governmental matters made confidential by statute or regulation.  (*Id.* at 81).  Burke

11  asserted that if a protective order is issued under Federal Rule of Civil Procedure 26(c), it must

12  be for good cause shown.  (*Id.*).  Burke argued that Crowley did not allege that he was

13  protecting any information listed in Rule 9018.  (*Id.* at 81-82).  Burke asserted that she filed

14  a motion for Rule 2004 examination "to identify and uncover assets of [Crowley] to determine

15  whether the schedules and statements [were] correct with respect to funds available to pay

16  creditors."  (*Id.* at 83).  Burke argued that a Rule 2004 examination was proper because she

17  had a judgment from the state court.  (*Id.* at 84).

18       On November 13, 2012, the bankruptcy court issued an order granting the stipulation

19  between the parties to continue the Rule 2004 examination until December 12, 2012.  (EOR2

20  (#15) at 6).

21       On December 7, 2012, the bankruptcy court held a hearing on the motion for protective

22  order.  (EOR1 (#8) at 139).  At the beginning of the hearing, Crowley stated that his attorney

23  was present in court but because she was feeling "poorly" he would present his case.  (*Id.* at

24  140).  The following discussion took place:

25       The Court:     Okay.  So tell me what you're–why are you entitled to a protective
                        order?
26       Mr. Crowley: For–well, one, according to the case law it wants–-
         The Court:     No, just tell me factually.
27       Mr. Crowley: Factually?
         The Court:     Yes.
28       Mr. Crowley: There's no cause shown for the exam.  There has to be cause

                                              3

| | | |
|---|---|---|
| | | according to the law; that you can't just have an exam because you want to, but there has to be a basis for it and you have to show cause once an objection— |
| | The Court: | Well, you're in bankruptcy. They want to examine the nature and extent of your assets and the nature and extent of your spouse's assets. |
| | Mr. Crowley: | The case cited to the *Kelton* case (phonetic)— |
| | The Court: | No, no. Listen to me. |
| | Mr. Crowley: | Yes, sir. |
| | The Court: | They want to examine the nature and extent of your assets and the nature and extent of your wife's assets–take your gum out. |
| | Mr. Crowley: | I don't have any gum. |
| | The Court: | Okay. But are you chewing on something? |
| | Mr. Crowley: | No, I had a cough drop. |
| | The Court: | Don't use cough drops here. |
| | Mr. Crowley: | Okay. |
| | The Court: | Don't chew on anything. They're entitled to examine you and they're entitled to have production. |
| | Mr. Crowley: | Well, they— |
| | The Court: | So your motion for protective order is denied. |
| | Mr. Crowley: | Could I finish? |
| | The Court: | Denied. No. |
| | Mr. Crowley: | Okay. |
| | The Court: | You're done. You don't get a protective order if you're in bankruptcy and they want to examine the nature and extent of your assets. |
| | | . . . |
| | | We're not going to have a confirmation hearing unless you have attended this examination, if you've provided the documents. If you don't do that, it's not going to be confirmed. |

(*Id.* at 141-42).

On December 19, 2012, the bankruptcy court entered any order denying Crowley's motion for a protective order. (EOR1 (#8) at 103). The order stated that the bankruptcy court had held a hearing, had reviewed the motion, had entertained Crowley's arguments, and had found good cause to deny the motion. (*Id.* at 103-04).

## II.   Motion for Writ of Mandamus/Prohibition

On December 10, 2012, Crowley filed an Emergency Petition for Writ of Mandamus/Prohibition and Request for Immediate Stay with this Court and requested that this Court issue a writ of mandamus/prohibition to the bankruptcy court to suspend the Rule 2004 examination scheduled for December 12, 2012. (EOR1 (#8) at 88, 94). In the petition, Crowley argued that Burke had served him a subpoena to provide at the time of the exam "an extensive list of personal and business documents numbering in the hundreds of pages . . .

4

Some documents requested, including tax returns and deeds go back seven or eight years, . . . in contradiction of Burke's statements set forth in her application for exam." (*Id.* at 89). Crowley acknowledged that he had obtained a stay of the examination until his motion for protective order could be heard. (*Id.*). Crowley argued that, at the hearing, the bankruptcy court had "refused to listen to any of the legal arguments or facts [he] had to provide" and that the judge "further refused to address the issue of the vast extent of the documents demanded in the subpoena or to consider limiting the production to a more reasonable set of documents." (*Id.* at 90).

In his petition, Crowley also alleged, that outside the courtroom after that hearing, he and his attorney were walking to the elevators with Burke's attorney, Janet Chubb. (*Id.*). According to Crowley, the following took place almost immediately:

> Chubb stated, "Martin aren't you tired of all this?" To which Crowley replied, "of course." Then Chubb stated, "Can't we just work something out?" Crowley's attorney, Patricia Phair, replied, "we're in a Chapter 13, everything has to be handled through that." Chubb responded, "the Plan doesn't provide for payment of anything to my client [Burke]." Phair replied, "the Plan hasn't been approved or denied yet." Chubb stated, "it just seems that you guys would want to work something out instead of going through all this." Phair asked if Chubb would consider continuing the exam because of Phair's health at the time. Chubb declined to continue the exam set for December 12 at noon.

(*Id.* at 90-91). Crowley argued that he had to file the petition because he had no option and would be damaged through the exam process unless this Court intervened. (*Id.* at 91).

On December 11, 2012, this Court denied the emergency petition for writ of mandamus/prohibition and request for immediate stay. (*Id.* at 100). This Court found that Ninth Circuit law had "held that a district court lacks the authority to issue a writ of mandamus to a bankruptcy court and to another district court" pursuant to *Mullis v. U.S. Bankruptcy Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987). (*Id.* at 99). That same day, Crowley filed a motion for reconsideration of the order dismissing the petition. (*Id.* at 107-09). On December 12, 2012, this Court issued an order denying Crowley's request for reconsideration of the order dismissing petition finding that other Ninth Circuit cases had interpreted *Mullis* in the same way. (*Id.* at 117-18).

///

### III.    Rule 2004 Examination

On December 12, 2012, the parties met to conduct Crowley's Rule 2004 examination. (*Id.* at 146). Crowley and his attorney, Patricia Phair, were present as were Burke's attorneys, Janet Chubb and William Jeanney. (*Id.* at 147). Jeanney conducted the questioning. (*Id.* at 149-64). At the examination, Burke acknowledged that a subpoena had been served on his attorney consistent with the notice of the Rule 2004 exam and that he had seen it. (*Id.* at 150). Jeanney stated that attached to the subpoena there had been categories of documents that Crowley was requested to produce in anticipation of the exam. (*Id.*). When Jeanney asked Crowley to produce the documents, Crowley responded, "I'm not going to." (*Id.*). The following discussion took place:

> Jeanney: And the subpoena is lawfully issued by the Court, requiring you to appear today in the possession of those documents.
> Crowley: They're in violation of the automatic stay.
> Jeanney: I didn't ask you a question yet. And the subpoena, have you moved to quash the subpoena?
> Crowley: Moved to quash the subpoena, no. It's in violation of the automatic stay. They have no legal authority. I've done the research on it. Anything in violation of the automatic stay is--
> Jeanney: I'm not asking any of that. Is it your testimony that neither you or your counsel has moved in any Court of competent jurisdiction to quash the subpoena?
>   . . .
> Crowley: Not to my knowledge.
> Phair: No, Counsel has not.

(*Id.* at 150-51). Crowley admitted that his motion for a protective order which would have given him lawful authority to refuse to produce the documents had been denied. (*Id.* at 151-52). When asked if Crowley had a lawful court order anywhere to refuse the production of the documents he answered that he had the automatic stay. (*Id.* at 152-53). Crowley admitted that he had not asserted the automatic stay in any lawful motion to the court asking the court to accept his reading of the automatic stay. (*Id.* at 153).

Upon being asked how the automatic stay precluded the subpoena that had been served upon him, Crowley responded:

> I have here side-by-side the order scheduling debtor exam and production of documents drafted by you and filed in the Tenth Judicial District Court on the 10th of July of this year. That document includes a list of requests to produce, which is, except for some syntax changes, virtually the same as the

6

1
2
3
4
5

> one that was–you've subpoenaed in this case.
>     So, essentially, what you've done here is you're seeking to continue a State Court action through the bankruptcy process in violation of the automatic stay by asking for the exact same things.  And, as you know, the State District Court vacated the debtor's exam, unfortunately, a few hours after we filed this case.  Otherwise, we wouldn't be sitting here, because that Court has never reinstated the debtor's exam.
>     But the documents that you're requesting in this case are virtually identical, and the wording, in fact, almost to the lettering, is identical.  So it's a clear violation of the automatic stay.  And I've done the research.

6

(*Id.* at 153-54).  As authority, Crowley cited the automatic stay statute, 11 U.S.C. § 362.  (*Id.*

7
8

at 155).  Crowley stated that he had made his decision not to produce any documents that

morning and that he had not informed his attorney of that decision.  (*Id.* at 156).

9
10
11
12
13
14
15

    Jeanney concluded that they were going to suspend the examination so that the parties

could brief a motion to compel and seek sanctions for fees and costs as well as a dismissal

of the bankruptcy for "the intentional refusal to obey the subpoena and the intentional refusal

to advise counsel and to waste three lawyers' time in regards to being able to conclude the

2004 Examination as ordered by the Court."  (*Id.* at 162-63).  Jeanney stated that they would

suspend the deposition and reconvene after the bankruptcy court entered an order.  (*Id.* at

163).  The following exchange then occurred:

16
17
18
19
20
21
22
23
24
25
26
27

| | |
|---|---|
| Crowley: | You know what you're doing is illegal, right?  It's abuse of process.  Trying to coerce a settlement out of me, Bill.  It's not going to happen.  You can continue on, but it's not going to happen.  You're attempts here are not–they're going to fail.  And you guys are going to end up in trouble. |
| Phair: | Martin. |
| Jeanney: | Are you threatening us now? |
| Crowley: | A lawsuit?  Absolutely.  It's coming. |
| Phair: | Martin. |
| Crowley: | Just decide which forum we're going to. |
| Phair: | Martin, shut up. |
| Jeanney: | I would advise you to keep talking. |
| Crowley: | Yeah. |
| Jeanney: | So you don't show up and comply with the subpoena, but then you want to threaten us with a lawsuit.  I've got it all. |
| Crowley: | Jan's already divulged it.  She divulged it on Friday.  That's why it's up at the District Court. |
| Chubb: | Divulged what? |
| Crowley: | Oh, are you tired of this, Martin?  Of course I'm tired of this.  Well, can't we work something out? |
| Jeanney: | We're done.  Thank you. |

(*Id.* at 163-64).

28

7

**IV.    Motion to Compel, for Contempt, and for Sanctions & Second Petition for Writ of Mandamus/Prohibition**

On March 1, 2013, Burke filed a Motion to Compel, for Contempt and for Sanctions. (*Id.* at 119).  In the motion, Burke moved to compel Crowley's production of subpoenaed documents regarding his assets and financial condition. (*Id.*).  Burke asserted that Crowley's argument regarding the automatic stay was incorrect. (*Id.* at 127).  She argued that the fact that she held a pre-petition judgment did not terminate her right to examine Crowley and subpoena his financial records because the court could order an examination on motion of any party in interest. (*Id.* at 127-28).  Alternatively, Burke argued that Crowley's automatic stay argument was waived because he never raised that argument as part of his motion for a protective order. (*Id.* at 128-29).  Burke argued that Crowley should be held in civil contempt for his failure to produce documents pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(vii), 45(e) and Federal Bankruptcy Rules 9014, 9020. (*Id.* at 129).  Burke also sought attorneys' fees and costs as a sanction. (*Id.* at 130).  The hearing was scheduled for March 29, 2013. (*See id.* at 119).

On March 18, 2013, Crowley filed an Emergency Petition for Writ of Mandamus/Prohibition and Request for Immediate Stay with the U.S. Bankruptcy Appellate Panel of the Ninth Circuit. (*Id.* at 175-83).  However, his petition was transferred to this Court based on Burke's statement of election. (*See* Resp. Brief (#14) at 13).  The petition reiterated many of the same arguments made in Crowley's first petition for writ of mandamus/prohibition. (EOR1 (#8) at 175-78).  He sought to suspend his Rule 2004 examination and the hearing on the motion to compel, for contempt, and for sanctions. (*Id.* at 175).  He argued that "Burke's motive in pursuing the debtor's exam [was] clearly to extract a 'settlement' from [him] as evidenced by Chubb's suggesting that the parties 'work something out.'  This [was] also in violation of the automatic stay provided by the bankruptcy filing." (*Id.* at 179).  He argued that he had no remedy on direct appeal

> as the [bankruptcy] court [had] scheduled a hearing to compel, for the contempt and for sanctions on March 29, 2013.  Obviously, the hearing will be a sham as the court will simply grant the motion and impose sanctions because it is clear in this matter that this bankruptcy judge will not listen to any argument, let alone

the law.

(*Id.* at 181).   On March 29, 2013, this Court denied the petition for writ of mandamus/prohibition.  (EOR2 (#15) at 23-24).

On April 8, 2013, the bankruptcy court entered an order granting Burke's motion to compel, for contempt, and for sanctions. (EOR1 (#8) at 193).  The bankruptcy court noted that "[Crowley] did not respond [to] the motion, although he filed a Notice of Filing a Petition of Writ of Mandamus/Prohibition . . . The matter was called as scheduled . . . Debtor did not appear. The Court asked in open court if there was an appearance for Debtor, with no response." (*Id.* at 194).  The bankruptcy court noted that Crowley's "petition for writ of mandamus/prohibition was pending before the U.S. District Court, but that there were no writs or orders that prohibited the Bankruptcy Court from proceeding with Ms. Burke's motion." (*Id.*).  After reviewing the motion and supporting papers, the pleadings and papers on file in the case, and oral argument of counsel at the hearing, the bankruptcy court granted the motion.  (*Id.*). Specifically, the bankruptcy court found the following. (*Id.*).  Crowley was "compelled to and shall produce the documents sought" in Burke's subpoena.  (*Id.*).  Crowley was in civil contempt of his obligations to produce the documents sought in Burke's subpoena and "[f]or every day that [Crowley did] not produce the documents sought in [Burke's] subpoena from the day of the oral entry of this order on March 29, 2013, [Crowley] shall be fined $100 per day, up to a maximum fine of $25,000, payable to [Burke] in care of her counsel, as a remedial remedy designed to compensate [Burke] for her actual harm in [Crowley's] prior and ongoing refusal to comply with her subpoena." (*Id.*).  Crowley was also sanctioned for noncompliance with his obligations to produce the documents sought in Burke's subpoena.  (*Id.*).  The bankruptcy court ordered Burke to file a declaration in support of her requested fees and set a hearing.  (*Id.*).

On April 22, 2013, Crowley filed a notice of appeal of the bankruptcy court's April 8, 2013 order granting Burke's motion to compel, for contempt, and for sanctions to this Court. (*Id.* at 198).

///

**V.    Dismissal**

On March 8, 2013, the Chapter 13 trustee moved to dismiss the case for cause pursuant to 11 U.S.C. § 1307(c) and set a hearing for April 12, 2013. (EOR1 (#8) at 171). On March 25, 2013, Burke filed a partial joinder to the Chapter 13 trustee's motion to dismiss. (*Id.* at 187). In her joinder, Burke requested that Crowley be prohibited from filing for bankruptcy for one year due to his misconduct in the case pursuant to 11 U.S.C. §§ 109(g)(1), 349(a) and applicable case law. (*Id.* at 189-91).

On April 10, 2013, Crowley filed a Notice of Dismissal Under 11 U.S.C. § 1307. (*Id.* at 196). The notice of dismissal stated that he requested that his Chapter 13 bankruptcy case be immediately dismissed in accordance with 11 U.S.C. § 1307(b). (*Id.*). Crowley argued that the "continued harassment of debtor by [Burke] through her attorneys [had] so significantly strained [his] resources such that earning a living, let alone making Plan payments, [was] nearly impossible." (*Id.*).

That same day, April 10, 2013, Burke filed a response to Crowley's notice of voluntary dismissal under 11 U.S.C. § 1307(b). (EOR2 (#15) at 16). Burke argued that the "notice of dismissal" had no effect because a dismissal under § 1307(b) must be on motion and, thus, did not have the effect of an automatic dismissal. (*Id.*). Burke asserted that, should the bankruptcy court construe Crowley's notice as a motion, his motion was junior to the Chapter 13 trustee's pending motion to dismiss and Burke's partial joinder. (*Id.* at 17). Burke argued that the priority in the rulings was meaningful because her joinder sought an order prohibiting Crowley from refiling for one year. (*Id.*). Burke noted that Crowley had not filed a response to either the motion to dismiss or the joinder and appeared to be trying to avoid the requested temporary refiling bar by seeking to voluntarily dismiss his case. (*Id.*).

The bankruptcy court held a hearing on the Chapter 13 trustee's motion to dismiss on April 12, 2013 and entered an order in the matter on April 23, 2013. (EOR1 (#8) at 200). The order stated that Crowley had not responded to the Chapter 13 trustee's motion or Burke's joinder. (*Id.* at 201). The order stated that the motion to dismiss and the joinder were called as scheduled and that Crowley did not appear. (*Id.*). The order stated the following:

1
2
3
4
5

        The Court reviewed the Trustee's motion, Ms. Burke's joinder and Debtor's notice.  Being familiar with the record in the case and the efforts of the Debtor to avoid discovery, and having considered the argument of counsel at the hearing, and finding good cause based on the facts presented in the motion and joinder, the Court GRANTED the Trustee's motion to dismiss and Ms. Burke's joinder, including a prohibition on Debtor from refiling for bankruptcy for one year (365 days) from the date of the entry of the order dismissing the case and herein incorporates its findings of fact and conclusions of law as stated on the record pursuant to Federal Rule of Bankruptcy Procedure 7052.

6

(*Id.*).

7
8

        On April 25, 2013, Crowley filed an amended notice of appeal of the bankruptcy court's April 23, 2013 order dismissing his case.  (*Id.* at 204).  Crowley asserted that:

9
10
11

        In no order has this court or any other addressed debtor's allegation that creditor [Burke], through her attorneys Louis Bubula, III, Janet Chubb, William Jeanney, Armstrong Teasdale and Bradley, Drendel and Jeanney, engaged in deliberate conduct the sole purpose and goal being to coerce an illegal "settlement" with said creditor.  Further, neither have the principal actors ever denied that was the goal of their conduct.

12
13

(*Id.*).  On April 26, 2013, Burke filed a statement of election to have the appeal heard by the U.S. District Court.  (*Id.* at 206).

14
15
16

        In June 2013, Crowley filed his opening brief with this Court.  (Opening Brief (#7)). Burke filed a response brief and Crowley filed a reply brief.  (Resp. Brief (#14); Reply Brief (#18)).

17

**STANDARD OF REVIEW**

18
19
20
21
22

        This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) and reviews the bankruptcy court's findings under the same standard that the court of appeals would apply in reviewing a district court's findings in a civil matter.  28 U.S.C. § 158(c)(2).  This Court now reviews the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error.  *In re Jastrem*, 253 F.3d 438, 441 (9th Cir. 2001).

23
24
25
26
27

        For bankruptcy appeals, the Ninth Circuit has held that it will not consider an issue raised for the first time on appeal absent three exceptions.  *In re Rains*, 428 F.3d 893, 902 n.1 (9th Cir. 2005).  An appellate court may invoke discretion to hear previously unconsidered claims  when: (1) review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process; (2) when a new issue arises while appeal is pending because

28

of a change in law; or (3) when the issue presented is purely one of law and either does not depend on the factual record developed below or the pertinent record has been fully developed. *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004).

## DISCUSSION

On appeal, Crowley asserts ten issues presented. (Opening Brief (#7) at 3). Each issue presented will be discussed in turn.

**I.    Whether the Bankruptcy Court improperly ruled on the Motion for Protective Order in refusing to consider the immense documentation demanded by creditor Burke's attorneys**

Crowley argues that Burke is attempting to avoid "the legal requirements she violated in State Court" because she had "demanded virtually all the same documents in the bankruptcy proceedings as she did in the state court action." (Opening Brief (#7) at 8). He argues that Burke has not shown any good cause for a Rule 2004 examination and that the bankruptcy court refused to require her to do so. (*Id.*). He asserts that the bankruptcy court's failure to apply any standard is in clear violation of the law. (*Id.* at 9).

In response, Burke argues that, although Crowley's first issue statement refers to the volume of documents sought, he does not address that argument anywhere in his appellate brief. (Resp. Brief (#14) at 16). Additionally, Burke asserts that Crowley did not raise this issue before the bankruptcy court. (*Id.*). With respect to the actual arguments made in the opening brief, Burke argues that, although a motion for a protective order requires a showing of good cause, a Rule 2004 exam does not require cause. (*Id.* at 17).

This Court reviews a bankruptcy court's decision to order a Rule 2004 examination for an abuse of discretion. *In re Metiom, Inc.*, 318 B.R. 263, 267 (S.D.N.Y. 2004); *see also In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) (holding that a court reviews a bankruptcy court's evidentiary rulings for an abuse of discretion). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *In re Stasz*, 387 B.R. 271, 274 (B.A.P. 9th Cir. 2008). To reverse for abuse of discretion, the court "must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached." *Id.*

12

As an initial matter, Crowley never raised his voluminous document argument to the bankruptcy court. Crowley's motion for a protective order did not address this argument but instead only alleged that Burke had engaged in abuse and harassment. (*See* EOR1 (#8) at 20-22). At the hearing on the motion for protective order, Crowley did not mention anything about the "immense documentation" sought by Burke even though the bankruptcy court asked Crowley to state "factually" why he was entitled to a protective order. (*See id.* at 141-42). Crowley did raise the issue before this Court in his first writ of mandamus/prohibition but this Court denied his writ petition. (*See id.* at 89, 99-100, 117). Moreover, Crowley never makes any argument on this voluminous document issue in his opening brief. Accordingly, the Court finds that Crowley has waived this issue on appeal for failure to raise this issue before the bankruptcy court and for failure to make any legal argument on the issue in his opening brief. *See In re Rains*, 428 F.3d at 902; *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (holding that the appellate court only reviews issues which are argued specifically and distinctly in a party's opening brief and holding that a bare assertion of an issue does not preserve a claim).

Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). An examination of a debtor under this rule "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "An order for examination under Rule 2004 may be granted *ex parte*, but a party to be examined may oppose the examination by a motion to quash the subpoena." *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993). "Once a motion to quash has been filed, the examiner bears the burden of proving that good cause exists for taking the requested discovery." *Id.* "Generally, good cause is shown if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* "A debtor may also avoid a Rule 2004 examination by establishing that the examination is being sought for purposes of abuse or harassment." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992)

(internal quotations omitted).

Alternatively, a party may move for a protective order under Fed. R. Civ. P. 26(c).  *In re Mittco, Inc.*, 44 B.R. 35, 38 (Bankr. E.D. Wis. 1984).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id*.

In this case, the bankruptcy court did not abuse its discretion in denying Crowley's motion for a protective order.  First, Burke is not required to demonstrate "good cause" for a Rule 2004 examination unless Crowley files a motion to quash the examination.  Crowley never filed a motion to quash and, thus, he never triggered her requirement to establish good cause for the examination.  Second, Crowley filed a motion for a protective order which provides that he must establish good cause for such an order.  Crowley's motion for protective order only made conclusory allegations that Burke was harassing him because she had filed one objection in bankruptcy court and was attempting to initiate a Rule 2004 examination.  (*See* EOR1 (#8) at 21).  Accordingly, the Court finds that the bankruptcy court did not abuse its discretion in denying Crowley's motion for a protective order.

**II.    Whether the Bankruptcy Court improperly ruled on the Motion for Protective Order in refusing to consider the improper purpose stated by Burke's attorneys to coerce a settlement from the debtor**

Crowley argues that Burke's motive in pursuing a Rule 2004 examination was to extract a settlement from him as evidenced by Chubb's statement suggesting they should work something out.  (Opening Brief (#7) at 9).

In response, Burke argues that Crowley never presented his coercive settlement argument to the bankruptcy court because the motion for protective order did not address this and he did not raise the issue in his hearing.  (Resp. Brief (#14) at 18).  Burke asserts that, according to Crowley, the suggestion of settlement was not made until after the hearing on the motion for protective order.  (*Id.*).

The Court finds that Crowley has waived these arguments on appeal because he never

14

raised the issue of a coercive settlement to the bankruptcy court.  Instead, Crowley made this argument to this Court in his first emergency petition for writ of mandamus, to Burke at the Rule 2004 examination, and again to this Court in his second emergency petition for writ of mandamus.  (*See* EOR1 (#8) at 90-91, 163-64, 175-78).  Crowley never gave the bankruptcy court an opportunity to address his coercive settlement issue.  Moreover, Crowley had opportunities to raise this issue with the bankruptcy court in the briefing for the motions to dismiss and compel and the subsequent hearings on those motions.  However, he chose not to respond to any of those motions and chose not to attend any of those hearings.  Additionally, this Court finds that in order to address this issue, it would need a developed factual record from the bankruptcy court and, thus, this Court will not consider it in the first instance on appeal.  Accordingly, Crowley has waived this issue on appeal.

**III.    Whether the Bankruptcy Court failed to allow for the proper completion of the Writ Petition before continuing with the motion to compel exam**

Crowley argues that the bankruptcy court ignored the filing of the writ petition and that the hearing on the motion to compel was a sham.  (Opening Brief (#7) at 10).

In response, Burke notes that the bankruptcy court did grant the motion to compel on March 29, 2013, before this Court denied Crowley's second pending petition for writ on April 6, 2013.  (Resp. Brief (#14) at 20).  However, Burke argues that Crowley never raised this argument below and that the case law states that the Federal Rules of Civil Procedure do not provide for an automatic stay of lower proceedings while a petition for writ of mandamus is pending.  (*Id.*).

The Ninth Circuit has not directly addressed this issue, but has applied the reasoning of the Fifth Circuit on this issue.  In *Woodson v. Surgitek, Inc.*, 57 F.3d 1406 (5th Cir. 1995), the Fifth Circuit held that:

> Mandamus petitions request an extraordinary remedy that is only appropriate in exceptional circumstances.  Moreover, because such requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending.  If the district court or the court of appeals finds it appropriate to stay proceedings while a petition for mandamus relief is pending, such a stay may be granted in the court's discretion.  However, absent such a stay, the jurisdiction of the district court is not interrupted.

1   *Id.* at 1416.  The Ninth Circuit applied this reasoning in *Ellis v. U.S. Dist. Court for W. Dist. of*

2   *Washington (Tacoma)*, 360 F.3d 1022 (9th Cir. 2004) and held that a "district court does not

3   lose jurisdiction over a case merely because a litigant files an interlocutory petition for an

4   extraordinary writ."  *Id.* at 1023.

5       The Court notes that, at the motion to compel hearing, the bankruptcy court was aware

6   of Crowley's pending petition for writ of mandamus before this Court but noted that there were

7   no writs or orders that prohibited it from proceeding.  (*See* EOR1 (#8) at 194).  The Court

8   holds that the bankruptcy court properly continued to hold a hearing on the motion to compel

9   because Burke's pending writ of mandamus had not divested it of jurisdiction to proceed on

10  that matter.

11  **IV.    Whether the Bankruptcy Court ignored the clear and mandatory provisions of 11**

12  **U.S.C. § 1307 and the voluntary dismissal by debtor**

13      Crowley argues that a debtor acting in good faith has the right to voluntarily dismiss.

14  (Opening Brief (#7) at 12).  He argues that Burke and her attorneys had harassed and

15  harangued him to the point that it was impossible for him to continue Chapter 13 bankruptcy.

16  (*Id.*).  He asserts that, under the circumstances, the bankruptcy court should have dismissed

17  his case at the filing of his notice rather than allowing Burke to insert "conditions."  (*Id.*).

18      In response, Burke asserts that a dismissal under 11 U.S.C. § 1307(b) must be made

19  on motion and that filing a notice does not constitute an automatic dismissal.  (Resp. Brief

20  (#14) at 22).

21      This Court reviews for abuse of discretion the bankruptcy court's decision to deny a

22  request for a voluntary dismissal of a Chapter 13 case under 11 U.S.C. § 1307(b).  *In re*

23  *Rosson*, 545 F.3d 764, 771 (9th Cir. 2008).

24      Pursuant to 11 U.S.C. § 1307(b), "[o]n request of the debtor at any time, if the case has

25  not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a

26  case under this chapter."  11 U.S.C. § 1307(b).  Federal Rule of Bankruptcy Procedure 1017

27  provides that "dismissal under . . . § 1307(b) shall be on motion filed and served as required

28  by Rule 9013."  Fed. R. Bankr. P. 1017(f)(2).  Federal Rule of Bankruptcy Procedure 9013

16

provides that "[t]he motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Bankr. P. 9013. "Every written motion . . . shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs." *Id*. The Ninth Circuit has held that, in light of *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007), a "debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or 'to prevent an abuse of process.'" *In re Rosson*, 545 F.3d at 774.

Pursuant to 11 U.S.C. § 1307(c), "on request of a party in interest or the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c).

In this case, both requests for dismissals under 11 U.S.C. § 1307(b) and (c) require a motion to the bankruptcy court. The Chapter 13 trustee filed his motion to dismiss under § 1307(c) on March 8, 2013 and set a hearing for April 12, 2013. (*See* EOR1 (#8) at 171). On March 25, 2013, Burke filed a joinder to the Chapter 13 trustee's motion to dismiss and a request for a prohibition against Crowley from filing for bankruptcy for one year. (*See id.* at 189-91). On April 10, 2013, Crowley filed a "notice" of dismissal under § 1307(b). (*See id.* at 196).

The Court finds that the bankruptcy court abused its discretion by granting the Chapter 13 trustee's motion to dismiss and denying Crowley's "notice" for voluntary dismissal. Pursuant to Ninth Circuit law, the bankruptcy court may deny a debtor's right of voluntary dismissal on grounds of bad faith conduct or to prevent an abuse of process. The bankruptcy court made no explicit findings of bad faith or that it was trying to prevent an abuse of process. As such, the Court finds that the bankruptcy court abused its discretion in denying Crowley's "notice" of voluntary dismissal. The Court reverses and remands this issue to the bankruptcy court.

1   **V.   Whether the obvious bias of the bankruptcy court permeated the proceedings and cast doubt on the viability of the decisions**

2   Crowley argues that the bankruptcy court's order is "clearly erroneous" as a matter of

3   law because it did not require Burke to show that the Rule 2004 examination was necessary

4   and not done to harass him.  (Opening Brief (#7) at 11).  Crowley asserts that coercing

5   settlement is inappropriate and that a gross miscarriage of justice had occurred.  (*Id.*).  He

6   contends that sanctions without any prior warning is evidence of bias and refusing to hear his

7   arguments is evidence of bias.  (*Id.*).

8   In response, Burke argues that Crowley never made any of these arguments in

9   bankruptcy court and stopped attending hearings.  (Resp. Brief (#14) at 20).  Burke asserts

10  that Crowley had warnings of the sanctions because she had filed a motion for sanctions, had

11  set the motion for hearing, and had served him with the motion and notice.  (*Id.* at 20-21).

12  Additionally, Burke contends that Crowley had the opportunity to present his arguments in his

13  motion for protective order and chose not to file a reply.  (*Id.* at 21).

14  The Court finds that Crowley's arguments are without merit.  First, this Court previously

15  has discussed the law for a Rule 2004 examination.  Second, Crowley did not raise several

16  of these arguments before the bankruptcy court and has waived them on appeal.  Third, the

17  record demonstrates that Crowley had notice of possible sanctions via Burke's motion for

18  sanctions and notice of hearing and that, it was he, who chose not to respond to the motion

19  and not to attend the hearing.  Accordingly, the Court finds this issue without merit.

20  **VI.   Whether the Bankruptcy Court violated clear precedents in issuing sanctions that far outweighed the issues involved**

21

22  Crowley argues that there is no justification for a $25,000 sanction.  (Opening Brief (#7)

23  at 11).  He asserts that, on December 7, 2012, the bankruptcy court only stated that a

24  confirmation of the Plan would not occur if the documents were not produced and that there

25  was no indication that fines would be imposed.  (*Id.* at 11-12).  Crowley believed that this

26  would be his only penalty.  (*Id.* at 12).

27  In response, Burke asserts that Crowley has waived his arguments on appeal that

28  sanctions outweigh the issues involved in his bankruptcy because he did not oppose the

motion to compel or attend the hearing.  (Resp. Brief (#14) at 21).

For the reasons stated at oral argument, the Court finds that it lacks jurisdiction to address the sanctions issue on appeal.  This Court notes that the bankruptcy court has not issued a final sanctions order against Crowley in which Burke can execute.  As such, the Court lacks jurisdiction over this issue.  As discussed at oral argument, Crowley may file a notice of appeal on this issue when the bankruptcy court issues a final order.

**VII.    Whether the conduct of Burke and her attorneys in blatantly violating the protections of the automatic stay must necessarily void the actions and orders of the bankruptcy court**

For this issue, Crowley argues in whole, "The stated objective of Burke and her attorneys throughout the proceedings was to coerce a settlement from debtor.  Such is a clear violation of principles of the bankruptcy code to provide a debtor with relief from his creditor's actions.  Allowing one creditor to admittedly frustrate these principles flies in the face of all the purposes of bankruptcy law."  (Opening Brief (#7) at 12).

In response, Burke argues that Crowley did not present this argument to the bankruptcy court and cannot raise it for the first time on appeal.  (Resp. Brief (#14) at 23).  Burke also argues that she did give him an opportunity to raise this argument before the bankruptcy court in her motion to compel where she challenged his argument with points and authority.  (*Id.*).  Burke notes that Crowley did not respond or attend the hearing.  (*Id.*).

The Court finds that Crowley did not raise this issue below and has waived this issue on appeal.  The Court notes that Crowley only made this argument to Burke's attorneys when he refused to produce documents during his Rule 2004 examination.  However, he never raised the issue to the bankruptcy court.  Additionally, Burke did address his arguments in her motion to compel and Crowley chose not to respond or attend the hearing.  The Court finds that this argument is waived on appeal and further notes that Crowley's brief does not make any legal arguments addressing the automatic stay issue.  *See In re Rains*, 428 F.3d at 902; *Indep. Towers of Washington v. Washington*, 350 F.3d at 929 (holding that the appellate court only reviews issues which are argued specifically and distinctly in a party's opening brief and holding that a bare assertion of an issue does not preserve a claim).

**VIII.   Whether the U.S. District Court erroneously ruled initially that it lacked jurisdiction to entertain a Petition for Writ by debtor and then after said Petition was taken to the BAP and Burke "elected" to have said matter returned to the District Court and then the District Court denied the Petition for Writ without considering the stated coercive nature of Burke's actions**

Crowley asserts that if this Court really lacked authority to entertain the writ in the first instance but permitted Burke to return the matter to this Court then it created a circus atmosphere.  (Opening Brief (#7) at 13).  He asserts that, if this Court did in fact possess authority and the original ruling was incorrect, then this Court's ruling caused him harm.  (*Id.*).

In response, Burke denies that this Court erred.  (Resp. Brief (#14) at 23).  Burke also asserts that this issue is not properly part of an appeal from the bankruptcy court because this was an issue determined by this Court on the petitions for writ of mandamus.  (*Id.*).  Burke asserts that Crowley did not take a notice of appeal on the petitions for writ of mandamus and that decisions of this Court must be appealed to the court of appeals.  (*Id.* at 24).

Pursuant to 28 U.S.C. § 158(d), the court of appeals shall have jurisdiction of appeals from "all final decisions, judgments, orders, and decrees" entered by a district court hearing a bankruptcy appeal.  28 U.S.C. § 158(a), (d)(1).

This Court finds that Crowley should have appealed this Court's decisions denying his emergency petitions for writ of mandamus to the Ninth Circuit and, thus, this issue is not properly before this Court.

**IX.   Whether the Bankruptcy Court erroneously entered an order of dismissal after debtor had voluntarily dismissed the case and then compounded error by ordering that debtor is prohibited from filing any chapter for a period of one year**

Crowley argues that "it is highly irregular for a trial court to continue on when a Petition for Writ is pending regarding the action of the lower court."  (Opening Brief (#7) at 13).  He asserts that, after realizing the bankruptcy court was not going to listen to his arguments, he appropriately exercised his right to dismiss under § 1307(b).  (*Id.*).

In response, Burke argues that Crowley did not present any argument in bankruptcy court against the dismissal of his case for cause with a bar on refiling.  (Resp. Brief (#14) at 24).  Burke notes that Crowley did not file a response to the motion to dismiss or joinder requesting the limited bar and did not attend the hearing.  (*Id.*).  Burke asserts that her joinder

articulated the basis for a bar on refiling under 11 U.S.C. §§ 109(g), 349 and that the bankruptcy court agreed with those facts and adopted those authorities with its order of dismissal.  (*Id.*).

For the reasons stated at oral argument, this Court holds that the bankruptcy court abused its discretion in issuing a refiling bar for 365 days.  However, the Court finds that a refiling bar of 180 days is not an abuse of discretion.  *See* 11 U.S.C. §§ 109(g), 349.  The Court reverses and remands this issue to the bankruptcy court.

**X.    Whether the refusal of any court to even consider the stated purposes and intentions of Burke and her attorneys in attempting to coerce a settlement from debtor violates principles of fundamental fairness and Due Process of law**

Crowley argues that no court has been willing to address the stated intentions of Burke and her attorneys in seeking to coerce a settlement by "relentlessly harassing debtor to 'work something out.'"  (Opening Brief (#7) at 13-14).

In response, Burke argues that this issue appears to be a duplicate of Crowley's second claim that she improperly sought to extract a settlement from him.  (Resp. Brief (#14) at 25).

The Court finds that Crowley has waived this argument on appeal because he never raised the issue of a coercive settlement to the bankruptcy court.  To the extent that he challenges any decision by this Court in the denial of his petitions for writ of mandamus, Crowley should have appealed those orders to the Ninth Circuit.

**CONCLUSION**

For the foregoing reasons, the bankruptcy court's orders are AFFIRMED in part and REVERSED and REMANDED in part.

Dated this 4th day of December, 2013.

_____
United States District Judge